1

2 Robert F. Brennan, Esq. [S.B. #132449]
**LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**
2103 Montrose Ave., Suite D
3 Montrose, Ca. 91020
Phone [818] 249-5291,Fax [818] 249-4329
4 Email: rbrennan@brennanlaw.com

5 Stephanie R.Tater, Esq. (S.B.237792)
TATAR LAW FIRM, APC
6 3500 West Olive Avenue Suite 300, Burbank, CA 91505
Phone: (323) 744.1146, Fax 323.967.7775
7 E-mail: stephanie@thetatarlawfirm.com

8 Attorney for: Plaintiffs: Yi H. Lee and Lito Hugo

9

10 **UNITED STATES DISTRICT COURT**

11 **CENTRAL DISTRICT OF C ALLIFORNIA**

12

13 YI H. LEE, LITO HUGO, Individuals, ) Case No.: 2:20-cv-11097
)
14 Plaintiffs, )
)
15 vs. ) **COMPLAINT FOR DAMAGES:**
)
16 TESLA ENERGY OPERATIONS, INC,) 1. FAIR CREDIT REPORTING ACT
a business entity, form unknown; ) 2. ROSENTHAL FAIR DEBT
17 EQUIFAX INFORMATION ) COLLECTION PRACTICES ACT
SERVICES, LLC, and DOES 1-10, ) 3. CALIFORNIA CONSUMER
18 Inclusive, ) CREDIT REPORTING AGENCIES
) ACT.
19 Defendants. )
)
20 )
)
21 )
)
22 )

23

24 Plaintiffs allege:

25      1. Plaintiffs YI H. LEE and LITO HUGO ("Plaintiffs") are residents of

26 County of Los Angeles, State of California.

27

28

1  2.  Defendant TESLA ENERGY OPERATIONS, INC ("TESLA") is a

2 company, which among other activities, reports allegedly delinquent debts to credit

3 bureaus and is a "furnisher" under the Fair Credit Reporting Act.

4  3. Defendant EQUIFAX INFORMATION SERVICES LLC ("EQUIFAX),

5 is a business entity, form unknown, doing business in the State of California as

6 credit bureau which receives negative credit information about consumers and

7 which then publishes such information in credit reports available to its subscribers.

8  4. Defendants DOES 1-10 are individuals and business entities, form

9 unknown, doing business in the State of California as credit reporting agencies,

10 debt collection agencies, creditors or other persons or entities which engage in

11 credit reporting and/or debt collection.  DOES 1-10, Inclusive, includes individuals

12 or business entities doing business in the State of California as credit reporting

13 agencies, debt collectors and/or creditors who have refused to delete accounts of

14 Plaintiffs that were procured through identity theft, mixed file or other manner of

15 recording an inaccurate credit account, even after Plaintiffs have notified them of

16 the false or inaccurate derogatory, and also who have reported such accounts as

17 derogatory credit references to credit reporting agencies.

18  5. Plaintiffs do not know the true names and capacities, whether corporate,

19 partnership, associate, individual or otherwise of Defendants sued herein as Does 1

20 through 10, inclusive.  Plaintiffs are informed and believe and on that basis alleges

21 that Defendants Does 1 through 10, inclusive, are in some manner responsible for

22 the acts, occurrences and transactions as officers, directors or managing agents of

23 Defendants or as its agents, servants, employees and/or joint venturers and as set

24 forth in this complaint, and that each of them are legally liable to Plaintiffs, as set

25 forth below and herein:

26  a) Said Officers, directors or managing agents of Defendants personally

27 acted willfully with respect to the matters alleged in this complaint;

28

COMPLAINT FOR DAMAGES

2

1         b) Said officers, directors or managing agents of Defendants personally

2    authorized, approved of, adopted and/or ratified the acts alleged herein or the

3    agents, servants, employees and/or joint venturers of Defendants did so act;

4         c) Said officers, directors or managing agents of Defendants personally

5    participated in the acts alleged herein of Defendants;

6         d) Said Officers, directors or managing agents of Defendants personally had

7    close supervision of their agents, servants, employees and/or joint venturers of

8    Defendants;

9         e) Said Officers, directors or managing agents of Defendants personally

10   were familiar with the facts regarding the matters alleged herein;

11        f) Said Officers, directors or managing agents of Defendants personally

12   failed to investigate the circumstances appertaining to the acts alleged herein.

13   They also failed and refused to repudiate the herein alleged actions and failed to

14   redress the harm done to Plaintiffs.  Further, said Officers, directors, or managing

15   agents of Defendants failed and refused to punish or discharge the said agents,

16   servants, employees and/or joint venturers of Defendants, even after learning of the

17   acts of the agents, servants, employees and/or joint venturers of Defendants.

18   Plaintiffs will seek leave to amend this complaint to set forth the true names and

19   capacities of said fictitiously named Defendants as enumerated above, together

20   with appropriate charging allegations, when learned.

21        6. Plaintiffs are informed and believe, and thereon allege that at all relevant

22   times herein each Defendant, whether actually or fictitiously named, was the

23   principal, joint venturer, agent, servant or employee of each other Defendant, and

24   in acting as such within the course, scope and authority of such relationship, took

25   some part in the acts and omissions hereinafter set forth, by reason of which each

26   Defendant is liable to Plaintiffs for the relief prayed for in this complaint, and any

27   future amended complaint.  Further, Plaintiffs allege that each act alleged herein,

28

COMPLAINT FOR DAMAGES

3

1    whether by a named Defendants or fictitiously named Defendants or otherwise,

2    was expressly authorized or ratified by each and every other Defendant herein,

3    whether named or fictitiously named.

4

5                           **FIRST CAUSE OF ACTION**

6              **[VIOLATION OF THE FAIR CREDIT REPORTING ACT**

7                          **AGAINST ALL DEFENDANTS]**

8         7.  Plaintiffs re-alleges and incorporates all preceding paragraphs as though

9    set forth in full in this cause of action.

10        8.  Plaintiffs are consumers as this term is defined by 15 U.S.C. Sec.

11   1681a(c) of the Fair Credit Reporting Act. All defendants are "furnishers" as

12   defined by 15 U.S.C. 1681s-2 of the Fair Credit Reporting Act, except, EQUIFAX

13   who is a "consumer reporting agency" as that term is defined in 15 U.S.C. Section

14   1681a (f).

15   **LEE CASE FACTS**

16        9.  On May 23, 2014, Mr. Lee signed an agreement to have solar panels

17   installed on his home in Rowland Heights. The terms of this agreement were under

18   a "Power Purchase Agreement" (PPA), where he did not own any of the

19   equipment, instead, paid Solar City (TESLA) for energy produced from the panels

20   at a pre-arranged rate per Kilowatt Hour, similar to the electric company. *This was*

21   *not a loan.* Mr. Lee chose this type of arrangement to ensure that the solar system

22   would not reflect on his debt to income ratio, or report on his credit report as he

23   manages these carefully.

24        10. Unexpectedly, in September 2020, Mr. Lee discovered that he was

25   denied refinancing for his home due to TESLA reporting his PPA account to

26   EQUIFAX as a 20-year loan with the high credit the amount of $79,933.00.

27        11. This has damaged Mr. Lee's ability to refinance his primary residence

28

1  and will end up costing him more if he is able to find someone to grant him the

2  ability to refinance.  Mr. Lee has been losing sleep and has anxiety at not being

3  able to refinance his home at reasonable rates.

4        12. On July 19, 2017, Mr. Lee received an email from Cassandra Dixon

5  from Solar City DBA TESLA, stating that the full pre-payment for his solar panels

6  would be $46,195.54 plus any applicable taxes.

7        13. On September 30, 2020, Mr. Lee received a Purchase Option Statement

8  from TESLA stating the total purchase option amount was $71,114.09.

9        14. On October 1, 2020, Mr. Lee sent a dispute email to TESLA.  Plaintiffs

10  asked why In July 2017 it would cost him $46,195.54 to fully prepay his PPA

11  account, then in September 30, 2020, he received a Purchase Option Statement

12  stating the pre-payment amount would be $71,114.09.  Mr. Lee also disputed the

13  TESLA unsecured loan in the amount of $79,933.00 appearing on his EQUIFAX

14  credit report. Mr. Lee requested that TESLA investigate the matter and delete the

15  loan from his credit report.

16        15. On September 20, 2020, and October 1, 2020, Mr. Lee placed telephone

17  calls to EQUIFAX to dispute the TESLA loan appearing on his credit report. He

18  disputed the TESLA unsecured loan in the amount of $79,933.00 as inaccurate and

19  requested that the TESLA account be removed from his credit report.

20        16. On October 6, 2020, Mr. Lee received two responses from EQUIFAX.

21  EQUIFAX report /confirmation #0274054425 and report/confirmation

22  #0274056901 with their investigation results, which were that they verified that the

23  TESLA account was correctly appearing on Mr. Lee's credit report and the account

24  would remain unchanged.

25  **HUGO CASE FACTS**

26        17. On March 30, 2015, Mr. Hugo signed an agreement for solar panels on

27  his home in Monterey Park, California. The terms of this agreement were under a

28

"Power Purchase Agreement" (PPA), where Mr. Hugo did not own any of the equipment, instead, paid Solar City (now TESLA) for energy produced from the panels at a pre-arranged rate per Kilowatt Hour, similar to the electric company. *This was not a loan.* Mr. Hugo chose this type of arrangement to ensure that the solar system would not reflect on his debt to income ratio, or report on his credit report as he manages these carefully.

18. On June 2020, Mr. Hugo discovered that the Tesla Energy account was appearing on his credit report as a liability when he applied with NBKC Bank to refinance his mortgage. On October 16, 2020, he checked his credit reports and discovered that only EQUIFAX was reporting the TESLA account in the amount of $17,666. Mr. Hugo became motivated to pay off the solar panels because he felt the TESLA account was unfairly appearing as an installment account and hurting his credit score. Mr. Hugo works as a real estate appraiser licensed by the State Board of Equalization and he works for the County Assessor. Mr. Hugo contacted TESLA and pointed out that they were advertising solar systems for $1.49/watt. Using their own price, this means that his system, which is only 3/.64 kw, would be valued only at $5,423 ($1.49 x $3.64 x 1000), if new. However, TESLA instead stated that the value was $18,572.85 (after sales tax). TESLA eventually offered a $2,500 "discount," which Mr. Hugo refused. TESLA refuses to provide documentation on how they came up with their value. Moreover, they could not refute Mr. Hugo's calculation. The PPA says that fair market value should be used, and Mr. Hugo believes TESLA is violating their own PPA agreement.

19. On October 17, 2020, Mr. Hugo sent a dispute letter to EQUIFAX requesting that EQUIFAX remove the TESLA account because it was inaccurate. The TESLA account was appearing as an installment account and a loan. Mr. Hugo did not borrow money from TESLA, and it is not a loan.

20. On November 3, 2020, EQUIFAX sent Mr. Hugo the results of their

1    investigation. The results were that they verified the TESLA account, and it would

2    remain unchanged.

3    **COMMON ALLEGATIONS**

4           21. On information and belief, EQUIFAX sent dispute notices to TESLA

5    thereby activating TESLA'S obligations to Plaintiffs under the Fair Credit

6    Reporting Act.

7           22.  Plaintiffs complied with all requests of each of the Defendants to

8    provide information in order to have the erroneous marks removed from his credit

9    profile.  Despite the insistence of Plaintiffs, the Defendants, and each of them,

10   failed to correct the errors and failed to undertake sufficient investigations upon

11   being notified of the errors.

12          23.  Within the past several years, Defendants, and each of them, willfully

13   violated the provisions of the Fair Credit Reporting Act in *at least* the following

14   respects:

15          a. By willfully and negligently failing, in the preparation of the consumer

16   report concerning Plaintiffs, to follow reasonable procedures to assure maximum

17   possible accuracy of the information in the report;

18          b. By willfully and negligently failing to correct, after receiving ample

19   notice, information about the Plaintiffs which defendants knew, or should have

20   known, was incomplete and/or inaccurate;

21          c.  By willfully and negligently failing to correct and/or delete the

22   incomplete and inaccurate information in Plaintiffs' file after conducting an

23   investigation;

24          d. By willfully and negligently failing to conduct a reasonable investigation

25   of Plaintiffs' complaints, and by willfully and negligently failing to implement

26   corrective actions once the outcome of such investigations were known, or should

27   have been known, to the defendants; and,

28

---

COMPLAINT FOR DAMAGES

1        e.  By willfully and negligently failing to provide subsequent users of the

2   report with the Plaintiffs' statement of dispute or a summary thereof.

3        24.  As a proximate result of the actions of the Defendants, and each of

4   them, Plaintiffs have been damaged in an amount which will be proven at time of

5   trial.  Plaintiffs spent hours researching and evaluating the contracts for their solar

6   system very specifically so that it would not be considered an "owned system"

7   where they would carry any debt. When the TESLA account hit their credit reports

8   years after the contract was signed, it was very disturbing and surprising causing

9   Plaintiffs to be very stressed and anxious. Plaintiffs have lost sleep, have anxiety at

10  having their credit affected and not being able to refinance their homes at a

11  reasonable rate.   Specifically, Plaintiffs have been damaged by the improper

12  reporting of total outstanding debts, and debt-to-income ratios, affecting their

13  financial wellbeing. As provided under the cited law, Plaintiffs are entitled to

14  actual damages, pain and suffering, punitive damages, penalties, costs and attorney

15  fees.

16       25. Plaintiffs allege that defendants, and each of them, have willfully

17  violated FCRA with respect to Plaintiffs and towards others similarly situated.

18  Specifically, defendants placed a large debt owing on their EQUIFAX credit

19  reports when there was no debt owing.  This large debt damaged Plaintiffs' credit

20  standing and credit scores.  Plaintiffs gave defendants ample opportunities to

21  correct their mistake, but defendants, and each of them, have willfully refused to

22  remove the alleged debt from Plaintiffs' EQUIFAX credit report.  Slapping a large

23  debt on a consumer's credit report is nothing but a pressure tactic to force

24  consumers to repay debts they do not owe, and defendants have done this

25  deliberately to coerce Plaintiffs, and other consumers, into repaying debts they do

26  not owe.   Furthermore, plaintiffs allege that TESLA and DOES 1-10, Inclusive,

27  made the decision to inflict large debts upon its solar customers' credit reports as

28

1 | an accounting ploy to falsely increase the balance-sheet assets of the company.  In

2 | addition to general and special damages according to proof, Plaintiffs also seek an

3 | assessment of punitive damages against TESLA and DOES 1-25, Inclusive.

4 |

5 | **SECOND CAUSE OF ACTION**

6 | **VIOLATION OF THE CALIFORNIA CONSUMER CREDIT**

7 | **REPORTING AGENCIES ACT AGAINST**

8 | **TESLA AND DOES 1-10, INCLUSIVE.**

9 | 26. Plaintiffs incorporate all preceding paragraphs as though alleged in full

10 | in this cause of action.

11 | 27. Within two years prior to the filing of the complaint in this action,

12 | defendants TESLA and DOES 1-10, Inclusive, have willfully and negligently

13 | violated the California Consumer Credit Reporting Agencies Act in at least the

14 | following ways:

15 | 28.  By willfully and negligently furnishing to credit reporting agencies

16 | information about the Plaintiffs, which Defendants TESLA and DOES 1-10,

17 | Inclusive knew, or should have known, was incomplete or inaccurate.

18 | 29. Each of the Defendants TESLA and DOES 1-10, Inclusive willfully and

19 | negligently failed in their obligations to reinvestigate and correct the derogatory

20 | marks in Plaintiffs' credit reports.  Plaintiffs allege that each of the Defendants

21 | TESLA and DOES 1-10, Inclusive' s policies and practices hinder and obstruct

22 | adequate and meaningful reinvestigations, and that each defendant knows of this

23 | effect of its policies and practices.

24 | 30.  As a proximate result of the willful and negligent actions of the

25 | Defendants TESLA and DOES 1-10, Inclusive, and each of them, Plaintiffs have

26 | suffered both general and special damages in an amount which will be proven at

27 | time of trial. Plaintiffs spent hours researching and evaluating the contracts for

28 |

COMPLAINT FOR DAMAGES

their solar system very specifically so that it would not be considered an "owned system" where they would carry any debt. When the TESLA account hit their credit reports years after the contract was signed, it was very disturbing and surprising causing Plaintiffs to be very stressed and anxious. Plaintiffs have lost sleep and have anxiety at not being able to refinance their homes.   Specifically, Plaintiffs have been damaged by the improper reporting of total outstanding debts, and debt-to-income ratios, affecting their financial wellbeing. As provided under the cited laws, Plaintiffs are entitled to actual damages, loss of wages, damage to credit reputation, pain and suffering, costs and attorney fees.  Plaintiffs are also entitled to punitive damages and statutory penalties for willful violations of the California Consumer Credit Reporting Agencies Act.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT VS. TESLA AND DOES 1-10, INCLUSIVE

31.   Plaintiffs incorporate all preceding paragraphs as though set forth in full in this cause of action.

32.   Under Cal. Civ. Code Section 1788.2, "debt collector" includes "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection."  Under this definition, TESLA and DOES 1-10, Inclusive, all qualify as "debt collectors".

33.   Under Cal. Civ. Code Section 1788.17, the requirements and prohibitions of the federal Fair Debt Collection Practices Act are incorporated into the California Fair Debt Collection Practices Act.  TESLA and DOES 1-10, Inclusive, all engaged in conduct proscribed by 15 U.S.C. Section 1692e and Section 1692f, as follows:

a.15 USC 1692e (2): making false representations concerning the character,

1  amount or legal status of any debt;

2      b. 15 USC 1692e (5): making threats to take legal action that cannot legally

3  be taken;

4      c. 15 USC 1692e (8): communicating to any person credit information which

5  is known or which should be known to be false;

6      d. 15 USC 1692f (1): attempting to collect an amount not authorized by the

7  agreement creating the debt or permitted by law;

8      e. The above-referenced sections of FDCPA is not intended to be exhaustive,

9  and Plaintiffs reserve the right to plead additional violations of FDCPA as facts

10 become known.

11     34.  As a result of these violations of the California Fair Debt Collection

12 Practices Act by TESLA and DOES 1-10, Inclusive, Plaintiffs have suffered

13 general and special damages according to proof, and are entitled to a statutory

14 penalty for each separate violation of California's Act, as well as punitive damages

15 against these Defendants for conduct amounting to fraud, oppression and malice

16 under California law.  In addition, Plaintiffs are entitled to attorney's fees, costs

17 and expenses.

18

19 WHEREFORE, Plaintiffs pray for judgment as follows:

20     1.  For general and special damages according to proof at trial;

21     2.  For statutory penalties for each separate statutory violation where

22         allowed by statute;

23     3.  For punitive damages against defendants according to proof at trial and

24 using the applicable punitive damages standards from the involved statutes;

25     4.  For attorney's fees where authorized by statute or law;

26     5.  For costs of suit;

27     6.  For such other relief as the court deems just and proper.

28

_____

COMPLAINT FOR DAMAGES

1

2 **PLAINTIFFS DEMANDS A JURY TRIAL**

3

4 Dated: December 07, 2020          **LAW OFFICES OF ROBERT F. BRENNAN, P.C.**

5
                                        By: /s/ Robert F. Brennan_____
6                                            Robert F. Brennan
                                             Attorneys for Plaintiffs
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28