JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11097 PA (RAOx) | Date | October 6, 2022 |
|---|---|---|---|
| Title | Yi H Lee, et al. v. Tesla Energy Operations, Inc., et al. | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

None   None

**Proceedings:**   IN CHAMBERS – COURT ORDER

    The Court's April 26, 2021 Minute Order granting Tesla Energy Operations' Motion to Compel Arbitration administratively closed this case and directed the parties to file a Joint Status Report on September 1, 2021 and every four months thereafter until the arbitration is completed. (Docket No. 29.)  Although the parties filed their first Joint Status Report on September 1, 2021, they did not file a Joint Status Report on January 1, 2022.  The Court ordered the parties to file a Joint Status Report by no later than February 1, 2022, warning that "[t]he failure to file a Joint Status Report by that date, or any future Joint Status Report every four months thereafter, may result in the dismissal of this action without further warning." (Docket No. 33.)  The parties then filed a Joint Status Report on January 28, 2022 and June 1, 2022, but have failed to file a Joint Status Report on October 1, 2022.

    Because the parties have failed to comply with the Court's prior orders and the claims are subject to arbitration, the Court exercises its discretion to dismiss the action.  See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1060 (9th Cir. 2004) (stating that district court did not err in dismissing claims subject to arbitration and noting that FAA allows but does not require a stay of court proceedings); Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988) (affirming trial court's dismissal of claims referred to arbitration); Martin Marietta Aluminum, Inc. v. Gen. Elec. Co., 586 F.2d 143, 147 (9th Cir. 1978) (affirming grant of summary judgment where claims were subject to arbitration); see also Pleasant v. Dollar Gen. Corp., No. EDCV 14-02645 JGB (KKx), 2015 WL 12811236, at *3 (C.D. Cal. Feb. 18, 2015) ("[T]he Ninth Circuit has held that courts have discretion to dismiss claims that are subject to an arbitration agreement.  Here, the class action waiver in the Agreement is enforceable, leaving only Plaintiff's individual claims, which are subject to arbitration.  Accordingly, the Court DISMISSES the Complaint . . . ." (citations omitted) (collecting cases)).  The Court therefore dismisses this action.

    IT IS SO ORDERED.